E-FILED
Tuesday, 23 June, 2026  09:39:15 AM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

JEREMY KRUZAN,
     Plaintiff,

v.                                                                  Case No. 1:26-cv-1259

KYLE WELKER, *et al.*,
     Defendant.

### Order

Now before the Court is the Plaintiff, Jeremy Kruzan's Application to Proceed in the District Court Without Prepaying Fees or Costs (D. 2).[1] For the reasons set forth below, the Plaintiff's application to proceed *in forma pauperis* (IFP) is denied.

### I

"The federal IFP statute, [28 U.S.C. § 1915], is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915(e) directs a court to screen a complaint when filed together with a request to proceed IFP. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013). A court shall dismiss a case at any time if: 1) the allegation of poverty is untrue; 2) the action is frivolous or malicious; 3) the action fails to state a claim on which relief may be granted; or 4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

The Federal Rule of Civil Procedure 12(b)(6) standard applies when determining whether a complaint fails to state a claim under Section

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

1915(e)(2)(B)(ii). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff "must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Here, even construing the Complaint in the light most favorable to the Plaintiff, the allegations fall short of stating a plausible claim for relief. He alleges that he was pulled over for suspicion of having committed domestic battery. When he told the police officer to check his friend's surveillance camera to prove that he was not present during the time of the alleged battery, the officer said "he was not going to deal with any of that and was gonna let the judge sort it all out". (D. 1 at ECF p. 6). The Plaintiff then alleges that, because the officer violated "his duty to collect exculpatory evidence", *id.*, the Plaintiff spent the next 22 days in detention and lost wages and benefits.

It is not clear under which federal law the Plaintiff seeks relief. Effectively, he is seeking redress for the officer's alleged failure to collect exculpatory evidence. Most likely, then, the Plaintiff seeks to allege a violation of due process. But at this stage, such an argument is likely much more apt for the criminal case against the Plaintiff (if a criminal case is still ongoing and pending). The Plaintiff has not identified an avenue through which he can seek civil damages directly against the arresting officer.

If the Plaintiff can, in an amended complaint, articulate a particular cause of action under which he can seek civil damages against the police officer, the

Plaintiff is permitted to do so. But the Complaint's current iteration reads more like a defense to the Plaintiff's criminal prosecution, rather than a right to civil damages against the arresting officer.

## II

For the reasons set forth above, the Plaintiff's Application to Proceed in the District Court Without Prepaying Fees or Costs (D. 2) is denied, and his Complaint (D. 1) is dismissed without prejudice. The Plaintiff is granted leave to renew the pending Motion and amend his Complaint within 21 days if he believes he can state a claim in accordance with this Order.

*It is so ordered.*

Entered on June 23, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

3